IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT SEGURA,   No. C 14-05216 DMR (PR)

    Plaintiff,   **ORDER OF TRANSFER**

vs.

CLIFF ALLENBY, et al.,

    Defendants.
_____/

    Plaintiff, who is proceeding *pro se*, is a civil detainee at the Coalinga State Hospital ("Coalinga"), in Coalinga, California. He is detained pursuant to California's Sexually Violent Predator Act ("SVPA").

    On November 25, 2014, he filed a complaint under 42 U.S.C. § 1983, complaining about the conditions of his confinement at Coalinga. He also filed a motion for leave to proceed *in forma pauperis*.

    On the same date, the Clerk of the Court notified Plaintiff in writing that this matter has been assigned to the undersigned Magistrate Judge.

    Here, Defendants are officials of Coalinga and of the California Department of Corrections and Rehabilitation in Sacramento, California. Both Coalinga and Sacramento lie within the venue of the United States District Court for the Eastern District of California. Venue for this case is therefore proper in the Eastern District. *See* 28 U.S.C. § 1391.

    Petitioner also complains about the validity of his assessment as a sexually violent predator under the SVPA, which assessment took place in Santa Clara County. Challenges to the assessment itself are the province of a habeas petition, not a civil rights action, because they implicate the validity of his detention. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) (challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus);

*Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965) (constitutionality of state civil commitment proceedings are challenged in federal habeas corpus once state remedies have been exhausted). Plaintiff may challenge the validity of his assessment in this Court, but he must do so by way of a habeas petition filed in a separate action from the instant civil rights case, after exhausting state judicial remedies.

Accordingly, and in the interests of justice, this case is TRANSFERRED to the United States District Court for the Eastern District of California.[1]  *See* 28 U.S.C. 1404(a), 1406(a).  The Clerk shall transfer the case forthwith.

All remaining motions are TERMINATED on this Court's docket as no longer pending in this district.

IT IS SO ORDERED.

Dated: 12/19/2014

DONNA M. RYU
United States Magistrate Judge

---

[1] Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).